# STATE OF FLORIDA v MOURIN
Case No. 26544, 6, 7, 8, 9, 60-IB

County Court, Dade County

February 6, 1989

## APPEARANCES OF COUNSEL

**Linda Johnston,** Assistant State Attorney, for plaintiff.

**Yery Morrero,** and **Karen Mills,** Assistant Public Defenders, for defendant.

## OPINION OF THE COURT

JEFFREY ROSINEK, County Judge.

### ORDER ON DEFENDANT'S MOTION TO DISCHARGE

THIS CAUSE HAVING come on to be heard on Defendant's Motion to Discharge, and after hearing argument of Counsel and receiving all exhibits,

IT IS ORDERED AND ADJUDGED AS FOLLOWS:

### FACTUAL BASIS

1. On June 4, 1987, Corporal Smith of the Metro-Dade Police

Department issued various citations in the name of Jesus Mourin, the defendant, after an extended chase.

2. After several bench warrants as well as Defense and State continuances, the case was set for trial on September 1, 1988.

3. On September 1, 1988, the Court granted a continuance to allow the defendant time to submit a defense alibi witness list and to take depositions of the State witnesses.

4. On September 1, 1988, when the Court granted the continuance, it ordered to defendant to submit a witness list.

5. The following is an excerpt from the Court's proceedings on September 1, 1988.

"The Court:

"Now we have - P.D., do you have the people you want to call that are going to submit as additional witnesses?

"Ms. Marrero:

"I have two witnesses, your Honor. I believe there are two other people. I will give that to the Court right now.

"The Court:

"Give it right now?

"Ms. Marrero:

"I am handing it to the State.

"The Court:

"On true legal paper, names, addresses, do you have it all?

"Mr. Saul:

(no response."

6. The Assistant Public Defender stated that she believed that there would be two other defense witnesses in addition to those supplied in open court.

7. Scott Saul of the State Attorney's Office received the two names from the public defender on September 1, 1988. The public defender was instructed by the Court to submit an additional list of alibi witnesses to include any and all additional alibi witnesses beyond the two which were supplied on September 1, 1988.

8. The record reflects that on or about September 9, 1988, the Public Defender's Office filed a pleading with both the Clerk and the State Attorney's Office listing eight (8) defense witnesses.

9. The record also reflects that this pleading had an erroneous case number listed in the style of the cause. See Attachment "A."

10. On September 22, 1988, the Court continued the case due to difficulties in acquiring a jury panel. The case was reset for October 4, 1988.

11. Between September 1, 1988 and October 4, 1988 the State had only received the names of two alibi witnesses. The State acted on the two names given and subpoenaed both them for trial. See Attachment "B." (Though not for deposition). [Editor's Note: Attachment "B" excluded due to unavailability of publishable copy.]

12. On October 4, 1988, the State discovered that several witnesses for the defendant were present in Court and that they would all be used to support the defendant's alibi defense.

13. The Assistant State Attorney immediately checked the Court file along with the State Attorney's file to look for a list of defense alibi witnesses which should have been filed pursuant to Rule 3.220 Florida Rules of Criminal Procedure. At that time, no such alibi witness list was found in either the Court file or the State's file.

14. At time of trial on October 4, 1988, the State moved to exclude the testimony of the alibi witnesses based on the violation of Rule 3.220 of the Florida Rules of Criminal Procedure, and a hearing took place before the Court, with testimony taken and the State pointing out to the Court that the State had never received an alibi witness list.

15. The Public Defender's Office then produced an alibi witness list in open court containing eight names. Only two of which had been given to the State on the legal paper back on September 1, 1988.

16. The Public Defender's copy of the witness list reflected that it had been "clocked in" at both the Clerk's Office and the State Attorney's Office on September 9, 1988.

17. After noting that the witness list was not in the Court file and after taking testimony from an employee of the Clerk's Office, the Court granted the State's Motion to exclude the alibi witness testimony, except for two witnesses who were known on September 1, 1988.

18. However, due to the severity of excluding the witnesses and the defendant's right to have a fair trial, Defense counsel was forced to move for a continuance and wave the Defendant's Demand for Speedy Trial, if the Court ruled that it was the Defendant's fault that both the Court and the State did not have any Alibi Witness list in its files. (Transcript of proceeding, Tuesday, October 4, 1988, page 23, line 19).

19. Granting the continuance, the Court further order the State to take depositions of the defense witnesses present, at the conclusion of the Court.

20. During the taking of the deposition on the evening of October 4, 1988, this Court was shown two State Attorney's Office issued trial subpoenas for the two defense witnesses whose names were given to the State on legal paper back on September 1, 1988.

21. None of the other six witnesses on the defendant's alibi witness list had such trial subpoenas, because their names were never received by State.

22. The State Attorney's Office was given a copy of the alibi witness list by the defense in open Court on October 4, 1988. See Attachment "A."

23. Upon subsequent inspection of that document, it was discovered that the notice of alibi witnesses was filed under the wrong case number by the Public Defender's Office. The document indicates in the style of the cause that the case number is: 26544, 6, 7, 8, 9, 60-IG. "IG" at the end of the case number is then scratched out and the letters "IB" are pen written in on the document. It is not known when nor by whom this change was made. Additionally, a note written in the upper left-hand corner indicates that the document was returned to its sender because it had the wrong case number on it.

24. Based on conversations with the Clerk's Office it was learned that it is the normal practice of the Clerk's Office to return documents if they are submitted under the wrong case number.

25. Neither the Court nor the State was aware of this situation when the defendant's Motion to Dismiss was argued on November 2, 1988.

The issued raised for this Court is as follows:

Based on the foregoing factual situation, should this trial Court reverse its prior ruling which required defendant to go to trial on October 4, 1988, without their alibi witnesses, by granting state's Motion to Exclude them, thus forcing defense to choose between waiving their demand to a Speedy Trial or taking a continuance?

Additionally, since state did not take the depositions of either of the two alibi witnesses and the Court required that their depositions be taken after the October 4, 1988 hearing, then did this action infringe upon the defendant's right to a fair trial by the prosecution obtaining an unfair preview of defendant's evidence?

This Court maintains its prior position requiring the defendant to

begin trial on October 4, 1988. There were two defense witnesses known to the State on October 4th. The remaining witnesses for the defense were never provided to the State, prior to the proposed trial date, in accordance with Florida Rules of Criminal Procedure, Rule 3.220. Though defendant points out that the witness list was filed with both the Clerk's and State Attorney's Office, the list is clear on its fact to be erroneous by virtue of the incorrect case numbers which were placed on the pleading by the Public Defender's Office. The State cannot be held responsible for misrepresenting any facts, when the facts were obviously unavailable to it.

The defendant alleges that misrepresentation by the State Attorney's Office infringed upon the defendant's due process rights. He also alleges that the State had gained an unfair tactical advantage and that the delay resulted in an essential defense witness becoming unavailable for trial due to illness.

No misrepresentation by the State Attorney's Office existed because the State Attorney's Office neither knew or could it have known of the existence of a document which was never received by the State's Attorney Office nor contained in the Court file. The only names the State should have known of were the two names given on legal paper back on September 1, 1988. These two witnesses were in fact subpoenaed by the State.

The defendant, in his Motion to Dismiss, orally adopted in part for his Motion to Discharge, cites several cases in support of his proposition that a Motion to Dismiss is warranted when the prosecutor intentionally manipulated the Court proceedings to obtain an unwarranted purview of the defendant's evidence. In support of this proposition, Counsel relies on the several cases which all deal with the issue of whether the double jeopardy clause is a bar to a retrial when a defendant moves for a mistrial based on prosecutorial misconduct. In *U.S. v Caporale,* 806 F.2d 1487 (11th Cir. 1986), the Court held that a conviction will be set aside due to prosecutorial misconduct when the prosecution knowingly introduces false information and there is a reasonable likelihood that the false testimony prejudiced the defendant's rights. In that case, the Court pointed out there must be a showing that the prosecutor knowingly introduced false testimony to a grand jury. Although our factual scenario is in no way related to the issue of retrying a case after a mistrial has been granted, the law requires that prosecutorial misconduct must be based on a knowing and intentional misrepresentation. In the case of *Oregon v Kentucky,* 102 S.Ct. 1083 (1982), the Court found that for a retrial to be barred due to prosecutorial misconduct, there must be a showing of an intent

**105**

on the part of the prosecutor to subvert the protections that are forwarded by the double jeopardy clause. Again, this case standards for the proposition that intentional misrepresentation must be shown.

Based on the facts of the case at bar, it is clear that no misrepresentation on the part of the State Attorney's Office existed. The State Attorney's Office had no knowledge of the additional witness list that was shown to this Court on October 4, 1988. When the Motion to Exclude the Alibi witnesses was argued by the State Attorney's Office on October 4, 1988, it was done in good faith and with no knowledge of any additional witness list.

As to the first issue, causing the defendant to choose between his right to a speedy trial without his alibi witnesses or requesting a continuance, this Court remains firm with its previous decision. The State did not have access to all the witnesses because the defendant placed the incorrect case number when it filed the list with the Clerk and the State Attorney. Therefore, the State's Motion to Exclude was well taken, after the hearing to exclude, on October 4, 1988.

Even if this Court found that the State should have known of these witnesses prior to October 4, 1988, the State, in any event, did not gain any tactical advantage or unfair preview of the defendant's case. It is worth pointing out that if this case had gone to trial on October 4, 1988 with none of the defense witnesses being deposed by the State, nothing in the Rules of Criminal Procedure would have prevented the prosecutor from approaching the defense witnesses immediately prior to trial to determine what their testimony would be. This could have been done voluntarily or through the issuance of a State Attorney subpoena. Additionally, these witnesses were all going to be testifying as to an alibi. The very nature of an alibi defense makes it unnecessary for the State to gain extensive information from these witnesses. These witnesses will all be testifying to the fact that the defendant was somewhere besides where the State alleges he was on the night in question. That information could have been obtained by interviewing each of these witnesses in the hallway prior to trial.

Finally, the defendant was not prejudiced by delay. The defendant has not numerous continuances as well as having bench warrants placed for his arrest on at least two prior occasions. The essential defense witness, who was unavailable due to illness, was not available for trial on October 4, 1988. This witness was not present on October 4, 1988 and, therefore, could not have testified had the case gone to trial on that date. It should be noted that the defendant announced ready for trial on October 4, 1988 despite the fact that Mr. Gonzalez

**106**

was not present. The defendant will now have an opportunity to have all his witnesses at trial.

Therefore, as to the second issue, whereby the state may have had an unfair advantage by previewing the defendant's witnesses, the defendant's arguments have not been upheld by the facts in this case and the defendant has neither proven any violation to his fundamental right of Due Process nor shown any substantial prejudice.

Therefore, the Defendant's Motion to Discharge is hereby denied.

DONE AND ORDERED this 6th day of February, 1989, in Miami, Dade County, Florida.

IN THE COUNTY COURT
IN AND FOR
DADE COUNTY, FLORIDA

CASE NO: 26455,6,7,8,9,60 1B

JUDGE:ROSINEK

THE STATE OF FLORIDA,

Plaintiff,

NOTICE OF

vs.

ALIBI/ LIST OF

JESUS MOURIN

DEFENSE

Defendant.

WITNESSES

_____ /

COMES NOW the Defendant, by and through his undersigned attorney, and respectfully files this Notice of Alibi pursuant to Rule 3.220 of the Florida Rules of Criminal Procedure.

At the time of the alleged offense Jesus Mourin was conducting business in Orlando, Florida.

In establishing this, the Defendant may call some or all of the following witnesses:

Alexys Orama
30501 S.W. 157 Avenue
Leisure City, FL 33033

Pedro Mourin
29935 S.W. 149 Court
Leisure City, FL 33033

Wilfredo Gonzalez
5019 Villanova Street
Kissimmee, FL 32741

Evelio Rodriguez
5019 Villanova Street
Kissimmee, FL 32741

Luis Hernandez
15625 S.W. 293 Terrace
Leisure City, FL 33033

Ana Soto
201 N.E. 11 Street
Homestead, FL

108

Jose Luis dela Sierra
15200 S.W. 300 Street
Homestead, FL

Dulce Maria Mourin
29935 S.W. 149 Court
Leisure City, FL 33033